UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-61523-Civ-GAYLES/TURNOFF

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARIE T. DEVERSON,

    Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER came before the Court upon Plaintiff United States of America's Motion for Summary Judgment [ECF No. 14]. Defendant Marie T. Deverson has failed to respond in opposition to Plaintiff's Motion for Summary Judgment, and the time to do so has expired.

Having reviewed Plaintiff's Motion, the record, and the relevant legal authorities, Plaintiff Motion for Summary Judgment is granted.

## BACKGROUND

Defendant obtained a student loan in the amount of $8,662.90 under loan guaranty programs authorized by Title IV-B of the Higher Education Act of 1965. *See* ECF No. 14, Exhibit C. Defendant defaulted on the loan on December 16, 1985. The holder of the note demanded payment.

As of September 16, 2014, Defendant owes a total of $22,172.62, including $8,662,90 in principal, $12,064.72 in interest and $1,445.00 in taxed costs. *See* ECF No. 14, Exhibits B, C and D.

## **LEGAL STANDARD**

Summary judgment "shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (quoting Fed. R. Civ. P. 56(c)) (internal quotations omitted); *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). Thus, the entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id*. Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted).

"A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Damon*, 196 F.3d at 1358. When deciding whether summary

judgment is appropriate, "the evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party." *Bush v. Houston County Commission*, 414 F. App'x 264, 266 (11th Cir. 2011).

### DISCUSSION

In a suit to enforce a promissory note, where the claimant establishes, through pleadings, exhibits and affidavits, the existence of the note, the borrower's default, and the amount due under the note, the claimant establishes a *prima facie* case. The burden then shifts to the borrower to show that she does not owe the amount due. *United States v. Irby*, 517 F.3d 1042, 1043 (5th Cir. 1975). In the absence of such proof, summary judgment in favor of the claimant is appropriate. *Id.*

The record shows that Defendant executed the Promissory Note which is the subject of this action and that she has failed to pay the amount due on the notice. Accordingly, summary judgment is appropriate.

### CONCLUSION

It is, therefore,

**ORDERED and ADJUDGED** that Plaintiff's Motion for Summary Judgment is **GRANTED**. A separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure shall issue concurrently. It is further,

**ORDERED AND ADJUDGED** that the case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Miami, Florida, this 27th day of October, 2014

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Turnoff
All Counsel of Record